19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arturo SERQUINA; Sixto T. Tongos; Melchor M. Gecozo;
Ernesto R.R. Barbosa; Ubaldo R. Cantuba; Alfredo
Inocencio; Reynaldo C. Castro; Antolin G. Villanueva;
Federico R. Ruiz; Alfredo Hilao; Juanit Aglipay; Alfredo
Almanzan; Juan Arcilla; Hilario Bolos; Lauro Castillos;
Gregorio Castor; Conrado Cruz; Florenctino Cuaresma;
Artemio Cabrera David; Virginia De Leon; Jose Estrella;
Loreto Fabian; Dick Farrales; Aristides Garcia; Fidel
Gobenciong; Constancio Gonzalez; Feliciano Laluan;
Crisostomo Martinez; Felipe Oamar; Mario Prosntroller;
Mabini Quimpo; Ismael Soriano; Jesus Tolentino; Ponciano
Tubig; Domingo Vargas, Plaintiffs-Appellants,
v.
UNITED STATES of America; Immigration & Naturalization
Service; Gene McNary, Commissioner of INS; James M.
Bailey, Director INS Northern Service Center; Robert
Moschorak, Director, INS Los Angeles District Office,
Defendants-Appellees.
 No. 93-55636.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1993.
Decided March 9, 1994.
 
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 This is a class action on behalf of applicants for naturalization under Sec. 405 of the Immigration Act of 1990, Public Law 101-649 ("IMMACT"). It comes before us on interlocutory appeal from the district court's order of May 4, 1993 denying Appellant's motion for a preliminary injunction. The sole substantive issue debated by the parties is whether the INS must consider evidence other than a certificate from the United States Army to determine whether petitioners for naturalization under Sec. 405 of IMMACT served in one of the Philippine military organizations listed in Sec. 405.
 
 
 3
 In its May 4th Order denying the preliminary injunction, the district court ordered further briefing on the issue whether the records of Philippine veterans kept by the United States Armed Forces are substantially complete. On October 5, 1993, the district court again denied the motion for preliminary injunction, finding that the United States Army's records are "complete enough to give meaning to Section 405's goal of allowing Filipino veterans ... to become naturalized citizens." Since the October 5th Order embodies substantially the same issues as did the Order of May 4th, and since the INS has provided supplemental briefing, we consider Appellants' appeal to apply to both orders.
 
 
 4
 We have jurisdiction over this case under 28 U.S.C. Sec. 1292(a)(1). "Although district courts have wide discretion in issuing preliminary injunctions, where the district court is alleged to have relied on erroneous legal premises, review is plenary." Miller v. California Pacific Medical Center, 991 F.2d 536 (9th Cir.) Reh'g, en banc, granted, 2 F.3d 335 (1993) (internal quotation marks and citation omitted). We review de novo the challenged question of law underlying the issuance of the preliminary injunction. Mai Systems Corp. v. Peak Computer, Inc., 991 F.2d 511 (9th Cir.1993).
 
 II.
 
 5
 IMMACT Sec. 405 was enacted by Congress to allow Filipino veterans of World War II to become eligible for United States citizenship. Cong.Rec. S17111 (1977) (statement of Sen. Simon). The Immigration and Naturalization Service ("INS") contends that under Sec. 405 of IMMACT the Filipino veterans must prove their qualifying military service by a certificate from the United States Army. The class, responds that such a certificate is not the sole means by which qualifying service may be proved.
 
 
 6
 This identical issue was raised in INS v. Almero, No. 92-56425, which was consolidated with this case for the purpose of oral argument. There we held that Congress did not intend to restrict the benefits of IMMACT Sec. 405 to those Filipino petitioners whose records of military service were held by the United States Army in St. Louis. Slip op. at ----. Rather, IMMACT Sec. 405 requires the INS to grant citizenship to all Filipino veterans who are otherwise eligible and who can prove their qualifying service with documents from the executive department under which they served, including Philippine government records. Id.
 
 
 7
 We explained in Almero that the number of Philippine veterans who might have been improperly omitted from the lists kept by the Army in St. Louis was not important to our interpretation of the statute. Id. at ----. If Congress had intended to restrict eligibility to those on the U.S. Army lists in St. Louis, we would have been bound by those lists, regardless of how many Filipinos who should have been listed were missing.
 
 
 8
 However, since Congress did not intend to tie eligibility exclusively to the U.S. Army lists in St. Louis, the INS may not unilaterally impose such a requirement. IMMACT Sec. 405 requires the INS to accept offers of proof based on Philippine documents. Id. at ----. That holds even if the U.S. Army's lists in St. Louis contain most of the names of those who served in the recognized Philippine units.
 
 
 9
 Almero controls this case. We therefore REMAND to the district court with orders to GRANT the preliminary injunction and to take such other actions as it deems necessary consistent with this disposition and with Almero.
 
 
 10
 Reversed and Remanded.
 
 RYMER, Circuit Judge, dissenting:
 
 11
 For the reasons stated in Almero, I respectfully dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3